

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
ATTORNEY GENERAL

November 29, 1974

The Honorable Michael L. Fostel
County Attorney
Winkler County
P. O. Box 1015
Kermit, Texas 79745

Opinion No. H- 461

Re: Supplemental pay of district judge.

Dear Mr. Fostel:

You have asked whether the Commissioners Court of Winkler County may pay the District Judge of the 109th Judicial District, in addition to salaries paid him by the State of Texas, $1800 as compensation for all judicial and administrative services as authorized by Article 6819a-12a, V. T. C. S. and, at the same time, supplement his pay an additional $1200 as compensation for the added duties as Chairman of the Winkler County Juvenile Board as authorized by Article 5139X, V. T. C. S.

The 109th Judicial District Court is composed of the counties of Andrews, Crane and Winkler. V. T. C. S., art. 199 (109).

Article 5139X, Vernon's Texas Civil Statutes, creates the juvenile board for Winkler County, composed of a county judge and the judge of each judicial district which includes Winkler County. "The judge of the court which is designated as the juvenile court for Winkler County shall be chairman of the board and its chief administrative office."

Section 2 of Article 5139X provides in part:

> As compensation for the added duties hereby imposed upon him, the chairman of such board may be allowed additional compensation in the amount of Twelve Hundred Dollars ($1,200) per annum, which shall be paid in twelve (12) equal installments out of the general fund or any other available fund of Winkler County. The Commissioners Court of Winkler County

may allow each other member of the board additional
compensation in an amount not to exceed Twleve
Hundred Dollars ($1,200) per annum, to be paid in
twelve (12) equal installments out of the general fund
or any other available fund of Winkler County.  Such
compensation shall be in addition to all other com-
pensation now provided or allowed by law for county
judges and district judges.

This statute was enacted in 1957 as chapter 382, page 866 of the
Acts of the 55th Legislature.

The question you raised is caused by the enactment in 1963 (Acts
1963, 58th Leg., ch. 229, p. 623) of what is now Article 6819a-12a:

In the 109th Judicial District, the District
Judge may receive annually, payable in monthly
installments, a salary to be fixed by the Com-
missioners Court of each county, to be paid by
said county out of the General Fund thereof, as
compensation for all judicial and administrative
services now rendered by said Judge, and any
additional judicial or administrative services here-
after to be assigned to said Judge, in addition to
all salaries paid or hereafter to be paid to said
Judge by the State of Texas, out of state revenues;
provided, however, that the salary herein authorized
to be paid by and County Commissioners Court to
any Judge shall not exceed the sum of Eighteen
Hundred Dollars ($1800) per annum.

In Attorney General Opinion H-123 (1973), we discussed at length
problems involved in the supplementation of the salaries of various judicial
offices.   One question asked there was whether or not supplementation paid
to the judges of Travis County for service on the Travis County Juvenile
Board came within the limitations imposed upon compensation allowed for
services as a judge.  We stated our opinion that service on the juvenile
board were services rendered as a judge, citing Jones v. Alexander,
59 S.W.2d 1080 (Tex. Sup. 1933), and suggested that to permit a judge to
hold two offices, one on a juvenile board and the other as a judge, for each

for each of which he would be compensated, would run counter to Sections 33 and 40 of Article 16 of the Texas Constitution.

We believe the same reasoning applies here and that the compensation provided by Articles 5139X and 6819a-12a are both for services as a judge. We are further of the opinion as a necessary consequence that the $1200 supplement authorized by Article 5139X is included within the overall $1800 allowance of Article 6819a-12a. Thus, in our opinion, the answer to your question is that the Commissioners Court of Winkler County cannot pay to the district judge a supplemental salary of $1800 under Article 6819a -12a and at the same time another supplemental salary of $1200 pursuant to Article 5139X. It can, if it desires, award him $1200 pursuant to Article 5139X and additional supplementation under Article 6819A-12a provided that the total supplementation paid by that one county shall not exceed $1800 per annum.

## SUMMARY

The District Judge of the 109th District Court is limited in the amount of supplementation he may receive from Winkler County under Article 5139X and Article 6819a-12a of Vernon's Texas Civil Statutes, to the maximum of $1800 authorized by the latter statute.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee